**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 29 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AKLILU YOHANNES, | No. 19-35888 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00509-RSL |
| v. | |
| OLYMPIC COLLECTION INC (OCI); et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| v. | |
| PHYSICIANS AND DENTISTS CREDIT BUREAU, | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted February 15, 2022
San Francisco, California

Before: GOULD and RAWLINSON, Circuit Judges, and ADELMAN,[**] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

Appellant Aklilu Yohannes received dental treatment from Baker Dental Implants and Periodontics ("Baker Dental") in late 2002. On February 14, 2006, Appellees Olympic Collection, Inc ("OCI") received an Assignment of Claims that assigned Appellant's Baker Dental bill for $389.03 to OCI.

On March 1, 2006, Mr. Norman Martin, as counsel for OCI, filed OCI's complaint against Appellant in the Snohomish County District Court in Washington State ("Snohomish action"). In the Snohomish action, OCI sought to collect on the Baker Dental debt that had a principal amount of $389.03, plus interest to the date of filing in the amount of $122.53, plus interest, from the date of the judgment, fees and costs, totaling $799.56.

On March 27, 2006, OCI employed a process server, Isaac Delys, to serve Appellant. Delys completed a declaration of service on March 27, 2006, indicating that he served the Appellant OCI's complaint on March 26, 2006, at 11905 Highway 99, Everett, in Snohomish County after arranging a meeting with Appellant via telephone.

On May 1, 2006, the court sitting in the Snohomish action entered a default judgment against Appellant. After the entry of default, OCI began its attempts to collect on the judgment. OCI had difficulty finding Appellant's address and employer, so the collection efforts were paused.

Ten years later, OCI discovered that Appellant worked for the United States Department of Transportation. After reviewing Appellant's file, OCI noticed that the default judgment, for the Baker Dental bill, was due to expire on May 1, 2016. Appellees then renewed their attempts to collect on the garnishment against Yohannes. OCI's attorney signed the Writ of Garnishment for Continuing Lien on Earnings directed to the United States Department of Interior ("DOI"), which has responsibility for payroll services for several federal agencies, including the DOT.

The DOI filed an Answer to the Writ of Garnishment in April 2016. Afterwards, DOI sent Yohannes a letter informing him of the garnishment order entered against him and began garnishing his wages. Prior to receipt of the letter from the DOI, Yohannes alleges that he had no knowledge of the existence of any judgment against him. Appellant's checks were garnished in May 2016 by $623.71 and $623.72, respectively. Because the judgment had expired at the beginning of May 2016, OCI returned the money, cleared the debt from Appellant's credit report, and released the Writ of Garnishment. Appellant deposited OCI's returned check into his account on June 27, 2016.

Several months later, Appellant filed the underlying action in the United States District Court for the Western District of Washington. After proceedings before the district court, Appellant's claims were dismissed on OCI's motion for summary judgment.

Appellant Yohannes challenges the district court's dismissal of his claims on due process grounds, arguing that Washington's garnishment law is unconstitutional, giving attorneys the ability to take someone's wages without notice or a hearing.

We review a district court's grant of summary judgment *de novo*. *See Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011).

The Supreme Court has held that a debtor may bring a cause of action against a private creditor if the creditor violates the debtor's due process rights by utilizing an unconstitutional state statute. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 934 (1982). Yohannes argues that the rule stated in *Lugar* applies here. He contends that, in his case, RCW § 6.27 allowed execution of the Writ of Garnishment and the seizure of his wages in the absence of any service on him and the absence of the required state court filings.

RCW § 6.27.130(1) requires a judgment creditor to mail a judgment debtor copies of the writ of garnishment, the judgment creditor's affidavit submitted in application of the writ, and the notice and claim form prescribed in RCW § 6.27.140. Importantly, RCW § 6.27.130(3) requires that when service is made, by mail or personally, by an individual other than a sheriff, the judgment creditor must file an affidavit with the state court showing that the judgment creditor fulfilled its service duties under 6.27.130(1).

4

Appellant Yohannes alleges that he was not served and never had notice of the Writ of Garnishment proceedings against him before having his wages garnished. OCI contends that it served Yohannes with the Writ of Garnishment as required by RCW § 6.27.130(1). However, OCI does not present any evidence or citation to the record showing that it filed an affidavit with the state court as required by RCW § 6.27.130(3). Nonetheless, in the apparent absence of the state court filing that was expressly required by subsection 3 of RCW § 6.27.130, OCI garnished Appellant's wages.

In light of Yohannes's allegations that he was not served and the lack of any record evidence indicating service and the required filing with the district court, we are concerned that, in this case, if RCW § 6.27 permitted a writ of garnishment to issue without a process by which service to the debtor is confirmed by the state court before execution of the writ of garnishment, then such a procedure would violate due process as applied. We vacate and remand to the district court for further proceedings to evaluate Yohannes's due process claims in a manner consistent with this decision.

**VACATED AND REMANDED.**